**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2478
_____

DANIELLE TAYLOR,
                                        Appellant

v.

LSAC

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:25-cv-01312)
District Judge: Honorable Wendy Beetlestone

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 8, 2026

Before: HARDIMAN, FREEMAN, and SCIRICA, *Circuit Judges*

(Opinion filed July 14, 2026)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Danielle Taylor appeals the District Court's dismissal of her complaint against the Law School Admission Council ("LSAC") and the denial of her motion for reconsideration. We will affirm the District Court's judgment.

I.

LSAC provides the Law School Admission Test ("LSAT"), a standardized test that law schools consider as part of the admissions process. According to Taylor's complaint, she took the LSAT "several years ago," but her score is now expired and is no longer reportable to law schools under LSAC's policy. Taylor sought an accommodation for this policy, explaining that she had experienced "severe emotional distress for several years" and had impaired speech. Taylor asked about alternatives to retaking the LSAT, such as recertifying her prior exam by submitting a writing sample. LSAC declined to consider any accommodation regarding its policy of how long an LSAT score is reportable.

Taylor's complaint alleged that LSAC discriminated against her and failed to make reasonable accommodations for her disability in violation of the Americans with Disabilities Act ("ADA"), see 42 U.S.C. §§ 12182, 12189, and that LSAC was negligent by refusing to make an exception to its score reporting policy. On LSAC's motion, the District Court dismissed Taylor's complaint without prejudice for failure to state a claim. Taylor filed a motion for reconsideration, which the District Court denied. Instead of filing an amended complaint, Taylor filed a notice of appeal, and she informed this Court that she intended to stand on her complaint.

II.

We have jurisdiction under 28 U.S.C. § 1291.[1] We review the District Court's

dismissal for failure to state a claim de novo. *See Doe v. Princeton Univ.*, 30 F.4th 335,

341 (3d Cir. 2022). We may affirm the District Court's judgment for any reason

supported by the record. *See Murray v. Bledsoe*, 650 F.3d 246, 247 (3d Cir. 2011) (per

curiam). "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft

v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)). Because Taylor is proceeding pro se, the Court construes her claims

liberally, but her complaint still must contain sufficient facts to support a claim for relief.

*See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

The ADA provides a "national mandate for the elimination of discrimination

against individuals with disabilities." 42 U.S.C. § 12101(b)(1).[2] Title III of the ADA

prohibits public accommodations from engaging in discrimination. *See Matheis v. CSL

Plasma, Inc.*, 936 F.3d 171, 176 (3d Cir. 2019). Title III also contains a specific rule—set

---

[1] Because Taylor has clearly and unequivocally declined amendment and has stated that she seeks to proceed with this appeal by standing on the allegations in her complaint, the District Court's judgment is final and reviewable. *See Borelli v. City of Reading*, 532 F.2d 950, 951–52 (3d Cir. 1976) (per curiam); *see also Weber v. McGrogan*, 939 F.3d 232, 240 (3d Cir. 2019) ("[A] clear and unequivocal intent to decline amendment and immediately appeal that leaves no doubt or ambiguity can allow us to exercise jurisdiction.").

[2] For purposes of this appeal, we will assume without deciding that Taylor adequately alleged she has a "disability" as defined by the ADA. *See* 42 U.S.C. § 12102; 28 C.F.R. § 35.108.

forth in 42 U.S.C. § 12189—for cases involving alleged "discrimination by providers of examinations" like LSAC. *Doe v. Nat'l Bd. of Med. Examr's*, 199 F.3d 146, 154–55 (3d Cir. 1999) (concluding that § 12189, as opposed to § 12182, governs "what Title III requires in the context of examinations"). Under this rule, LSAC must offer its examinations "in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals." 42 U.S.C. § 12189.

The rule mandates such arrangements "so that disabled people who are disadvantaged by certain features of standardized examinations may take the examinations without those features that disadvantage them." *Doe*, 199 F.3d at 156. For example, examiners must ensure that their exams are administered in accessible facilities, they must offer examinations "designed for individuals with impaired sensory, manual, or speaking skills" at locations that are "equally convenient" as other locations, and they must ensure that such "examination results accurately reflect the individual's aptitude or achievement level." 28 C.F.R. § 36.309(b)(1)(i)–(iii). And a required exam modification may also "include changes in the length of time permitted for completion of the examination and adaptation of the manner in which the examination is given." *Id.* § 36.309(b)(2).

According to Taylor, LSAC violated the ADA by denying her request to report her expired score in lieu of her retaking the exam. But "neither the language of [§ 12189] nor the regulation interpreting it" required LSAC to take such action. *Doe*, 199 F.3d at 156. Taylor did not allege in her complaint that she sought and was denied any

accommodation to assist her in taking the exam. Thus, Taylor failed to state a claim for relief under 42 U.S.C. § 12189.[3]

We also discern no error in the District Court's dismissal of Taylor's negligence claim. Taylor alleged that "LSAC has a special duty to ensure [LSAT] administration is conducted fairly and without discrimination." Even if that were true, Taylor alleged no facts from which we could plausibly infer that LSAC breached such a duty. *See Grove v. Port Auth. of Allegheny Cnty.*, 218 A.3d 877, 889 (Pa. 2019). In fact, Taylor's complaint is devoid of any nonconclusory allegation that LSAC unjustly administered an exam.

Nor did the District Court abuse its discretion by denying Taylor's motion for reconsideration. *See United States ex rel. Schumann v. Astrazeneca Pharms. L.P.*, 769 F.3d 837, 848 (3d Cir. 2014). Accordingly, we will affirm the District Court's judgment. Taylor's motion to file her letter to the Court under seal is denied. *See* 3d Cir. L.A.R. Misc. 106.1(a).

---

[3] Taylor also sought relief under 42 U.S.C. § 12182, "which sets forth general provisions prohibiting discrimination in public accommodations." *Doe*, 199 F.3d at 154. LSAC maintains that it is not bound by this statute because it is not a place of public accommodation, and because we have already explained in *Doe* that claims involving discrimination by examination providers are governed by § 12189. Regardless, even if § 12182 were an appropriate section to apply, Taylor's claim could not survive because she did not sufficiently allege facts supporting a reasonable inference that LSAC provided her a service in a discriminatory or unequal manner. *See Doe*, 199 F.3d at 154–55, 157.